STETLER, APPELLEE, *v.* STETLER, APPELLANT.

(No. 10-82-4—Decided December 14, 1982.)

Messrs. *Kemp & Huber* and *Mr. Barrett G. Kemp,* for appellee.

*Mr. Gregory D. Wilson,* for appellant.

GUERNSEY, J. This is an appeal by the defendant, Richard James Stetler, from a judgment of the Court of Common Pleas of Mercer County in a divorce action filed against him by the plaintiff, Sylvia Jean Stetler. The appeal relates only to the division of property, the defendant assigning error of the trial court by way of abuse of discretion (1) in its failure to consider all of the factors required by R.C. 3105.18 and by failing to make a reasonable and equitable property division, and (2) in its failure to recognize and apply equitable common-law principles to the facts and grant an appropriate property division.

R.C. 3105.18(B) prescribes that as to alimony "the court shall consider all *relevant* factors, *including*" some eleven factors listed therein. (Emphasis added.) The defendant complains that in its summarization the trial court failed to identify various marital assets and liabilities testified to at trial, and mandated to be considered, as well as did not consider various of the listed factors to which no testimony was given at trial.

In our opinion, under the present statutes dealing with alimony, including the division of property, there is no general burden of proof and each side has the burden of going forward with evidence as to any factor which it wants considered, bringing forth facts tending to prove its version of the manner in which such factors should be applied. Although the court has the responsibility to weigh such evidence it is not required, as to any one factor, to make its order of award and/or distribution conform to a preponderance of evidence on such factor, when applying its broad discretion with relation to all *relevant* factors, including the ones listed in R.C. 3105.18(B). A party cannot complain if a listed factor has not been considered on which neither party offered any evidence. Neither can it complain of a supposed failure of the court to specifically identify various marital assets and liabilities mentioned in evidence if, by

the necessary implication of its decree, such assets and liabilities have been disposed of in one way or another and there appears no abuse of discretion when the decree is considered as a whole.

Furthermore, it is a basic precept of appellate law that for reversal the error claimed and its prejudice to the appellant must affirmatively appear in the record.

The transcript of proceedings here is not properly certified in the manner required by the Ohio Appellate Rules and by the Local Appellate Rules of this court. For that reason we could conclude that the evidence, or lack thereof, alluded to by the defendant in his argument of his first assignment of error does not appear in the appellate record, which would not include a transcript of proceedings improperly certified.

However, since the transcript of proceedings is relatively short we have, nevertheless, perused same and considering same also find no affirmative showing of error or prejudice in the particulars assigned and argued under this assignment of error.

The first assignment of error is, therefore, without merit.

We incorporate, under the second assignment of error, without repeating, our observations made under the first assignment of error, relating to the affirmative showing of error and prejudice, but again have perused the improperly certified transcript.

Defendant's complaint here is that there is an inequitable division of property resulting in prejudice to him. This inequitable division is not portrayed by the record, either when considering or not considering the transcript. Valuations of assets or measures of liability do not consistently appear as of any one time so that the record affirmatively shows any inequality at all, let alone the inequalities claimed by the defendant. Some valuations relate to one and one-half years prior to trial whereas others relate to the date of trial. The defendant relies heavily

on a difference in earning ability between the parties, which does appear of record, and his conclusion therefrom that the parties contributed to the marital assets in the same ratio as their respective earning abilities. This does not necessarily follow. Testimony indicates that defendant was a big spender doing a lot of partying, whereas there is no testimony as to similar proclivities of the plaintiff. Among other things, the transcript discloses an equitable interest of defendant as a joint purchaser in a land contract on a home purchased after the separation of the parties which is not valued by the court or acknowledged by defendant in his argument as to inequity.

We conclude that abuse of discretion in applying equitable common-law principles and prejudice therefrom does not affirmatively appear in the record, either when considering or when not considering the transcript of proceedings, and that the second assignment of error is, therefore, without merit.

*Judgment affirmed.*

COLE, P.J., and MILLER, J., concur.