Appellant Carmen Perorazio appeals from the decision of the Columbiana County Common Pleas Court, Domestic Relations Division, which granted pension rights, spousal support, and attorney's fees to appellee Shirley Perorazio. For the following reasons, the trial court's judgment is affirmed in part and reversed in part.
 I. STATEMENT OF FACTS
On October 13, 1995, appellant filed for divorce from appellee, who was his wife since 1963, on the grounds of gross neglect of duty and extreme cruelty. Appellee filed an answer and counterclaim against appellant in which appellee asserted similar grounds for divorce. A divorce trial was conducted before the court on August 14, 1996. The trial court's August 27 opinion and judgment entry dismissed appellant's complaint and granted appellee a divorce on the grounds of extreme cruelty.
In its judgment entry, the court divided the parties' marital property. For instance, appellee was awarded the marital home and ordered to assume the mortgage. Furthermore, the court divided appellant's vested Police and Firemen's Pension Fund, which had a present value of over $300,000 and a monthly distribution of $1,698, by declaring that appellant must assign one-half of his monthly benefits to appellee for appellee's life. The court made a "further distribution of property" by granting appellee a partial award of attorney's fees in the amount of $2,000. The court also awarded $350 per month in spousal support to appellee. The within appeal followed.
 II. ASSIGNMENT OF ERROR NUMBER ONE
Appellant raises three assignments of error, the first of which alleges:
 "THE JUDGMENT OF THE TRIAL COURT AWARDING ONE HALF OF APPELLANT'S MONTHLY BENEFITS TO THE APPELLEE FOR HER LIFE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO LAW AND AN ABUSE OF DISCRETION."
Appellant argues that allowing appellee to collect half of the pension plan's distributions for the rest of her life is inequitable. Appellant's reasoning is as follows: the plan was valued at $329,724; the court ordered the plan to be divided equally; half of the plan's present value is $164,871; appellee will have received this amount in slightly over sixteen years; accordingly, appellee should not collect pension distributions for life if her life lasts longer than sixteen years.
A pension plan accumulated during a marriage and currently in receivership is a marital asset whose benefits belong to the marital estate. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131. The trial court has broad discretion in fashioning the appropriate distribution of marital assets. Bisker v. Bisker
(1994), 69 Ohio St.3d 608, 609; Berish v. Berish (1982),69 Ohio St.2d 318, 319. A reviewing court shall not substitute its judgment for that of the trial court unless the trial court abused its discretion by making an unreasonable, arbitrary, or unconscionable distribution. Holcomb, supra. See, also,Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Equal division of a marital asset, such as a pension plan, is a good starting point when a court begins the task of equitably dividing the marital property. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 95, citing Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. "The trial court must have the flexibility to make an equitable decision based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension plan, and the reasonableness of the result." Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 180.
Disentangling the parties' economic partnership is a goal of pension distribution; however "[t]his may be the most difficult result to implement on a practical basis." Id. at 182. The court should also aim to preserve the pension plan, especially when such preservation would be most beneficial to the parties.Id. at 181. Contrary to appellant's assertion, current assignment of proportionate shares with present and continuing distribution is a viable alternative open to the court when it chooses a pension distribution scheme. Id.
Although the court put a present value on appellant's pension plan, it impliedly realized that stopping distributions to appellee in sixteen years would be inequitable. The court utilized its discretion when it decided to award half of the pension plan's present and future benefits to appellee. Thereafter, by giving appellee the same lifetime rights in the plan that appellant possesses, the court equitably distributed the pension plan. Such a method is not unreasonable, arbitrary, or unconscionable. Accordingly, appellant's first assignment of error is overruled.
 III. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error provides:
 "THE TRIAL COURT ERRED BY CONSTRUING THE APPELLEE'S $2,000.00 ATTORNEY'S FEE AWARD AS A DISTRIBUTION OF PROPERTY AND NOT AS SPOUSAL SUPPORT, AND SUCH WAS CONTRARY TO LAW."
Appellant does not contest the amount but only the categorization of attorney's fees. The trial court categorized the fees as part of the property award. If the fees had been considered spousal support instead, then appellant could have deducted them from his tax return, and appellee would have been required to report them on her tax return as income.
This court agrees with appellant that the $2,000 award of attorney's fees should have been considered spousal support rather than a property distribution. The General Assembly chose to provide for attorney's fees within the section entitled "[a]ward of spousal support." See R.C. 3105.18 (H). The provision for attorney's fees was not placed under R.C.3105.171, which governs the equitable division of marital property. Accordingly, the legislature obviously considers attorney's fees as spousal support rather than a distributive award. Moreover, support for appellant's position can be found in the Ninth Appellate District, which held that "[i]t is well established that a court may grant reasonable attorney's fees as part of an award of spousal support." Guziak v. Guziak
(1992), 80 Ohio App.3d 805, 816.
In accordance, appellant's second assignment of error is sustained.
 IV. ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error contends:
 "THE TRIAL COURT'S FINDINGS OF NEED FOR SUSTENANCE SPOUSAL SUPPORT AND ITS AWARD TO THE APPELLEE OF SAME IN THE AMOUNT OF $350.00 PER MONTH, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO LAW AND AN ABUSE OF DISCRETION, CONSIDERING THE EVIDENCE OF THE APPELLEE'S SELF SUFFICIENCY."
A reviewing court will not reverse an award of spousal support unless said award is unreasonable, unconscionable, or arbitrary, thus constituting an abuse of discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. Appellant argues that appellee should not have been awarded spousal support in the amount of $350 per month until appellee turn sixty five, in that there was no demonstration of her need for such sustenance. However, "need" is no longer the applicable test.Tomovcik v. Tomovcik (Jan. 22, 1997), Jefferson App. No. 95-JE-22, unreported, 3. The proper test asks whether the award of sustenance alimony is "appropriate and reasonable." R.C.3105.18 (C) (1), as amended, effective January 1, 1991. More specifically, in Barker v. Barker (Sept. 16, 1996), Belmont App. No. 94-B-61, unreported, this court held:
 "R.C. 3105.18(C) provides multiple factors to be reviewed to determine whether spousal support is appropriate and reasonable. To the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors [in R.C. 3105.18 (C) (1)]. "Id. at 4.
In the case at bar, the trial court explicitly stated in its opinion and judgment entry that it reviewed the criteria set forth in R.C. 3105.18 to determine whether the award of spousal support to appellee was appropriate and reasonable. The court then listed the relevant factors and set forth its findings on each. One such finding is that appellant's annual salary is approximately three times more than that of appellee. The court also considered factors such as the long duration of the parties' marriage with appellee acting primarily as a "homemaker," the middle class standard of living enjoyed throughout the marriage, appellee's employment potential, and appellee's medical conditions and insurance needs.
Moreover, the court took into consideration that appellant is supporting another female. Appellant claims that this consideration showed bias on the part of the trial court. However, besides the factors specifically enumerated in R.C.3105.18 (C) (1) (a) — (m), the court may consider "[a]ny other factor that the court expressly finds to be relevant and equitable." R. C. 3105.18 (C) (1) (n). See, also, Zimmie v.Zimmie (1984), 11 Ohio St.3d 94 (holding that marital misconduct may be a relevant factor in determining alimony). Therefore, the trial court was permitted to consider appellant's support of another woman as a relevant factor.
Appellant next contends that the court erroneously utilized a prior tax return to determine that appellee's salary from teaching piano out of her home is $2,869 per year. Appellant claims that appellee's testimony establishes that she is able to make $812 per month giving piano lessons. Appellee testified that she currently has twenty-five students enrolled in her class, that the lessons are once a week for one hour, and that she charges $7.50 per hour. However, appellee also stated that the students do not always come every week and attendance is sparse in the summer months. Additionally, maintaining a steady enrollment of twenty-five students may not be possible.
Moreover, a trial court must consider all of the relevant statutory factors under the totality of the circumstances.Holcomb, supra at 131. Its decision to award a certain amount of spousal support need not conform to a preponderance of the evidence on any one factor. See Stetler v. Stetler (1982),6 Ohio App.3d 29. Appellee's earning ability is not the sole issue but merely a single factor in the realm of many. In accordance, the court did not abuse its discretion by referring to appellee's tax returns as a reflection of her income and as guidance for determining her earning ability. Furthermore, the arithmetic in the conclusion of appellant's brief incorrectly computes appellant's monthly income; it subtracts appellee's share of the pension plan twice.
Appellant's last complaint is that the court failed to consider that his more than $10,000 deferred compensation fund, from which the court imputed $200 per month as appellant's income, will be depleted in fifty one months. However, appellant fails to calculate the interest that the fund will accumulate. For example, from April 1996 until June 1996, appellant gained $177.17 in interest. Moreover, there is no indication that the sustenance award was unreasonable, notwithstanding the fact that appellant may not receive any money from the deferred compensation fund come the end of the period of fixed alimony. The preceding paragraphs of analysis under this assignment of error outline the reasonableness of the spousal support award. Accordingly, we hold that the trial court did not abuse its discretion in awarding spousal support to appellee in the amount of $350 per month until appellee turns sixty five. This assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed only as to the mislabelling of attorney's fees, which shall be considered part of the award of spousal support.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 _____________________________ JOSEPH J. VUKOVICH, JUDGE