OPINION
Defendant-appellant Michael W. Sowers (hereinafter "husband") appeals the January 12, 2000 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce, divided marital property, and awarded attorney fees. Plaintiff-appellee is Michelle D. Sowers (hereinafter "wife").
 STATEMENT OF THE FACTS
The parties were married on March 18, 1989. The two minor children were born as issue of the marriage. The parties separated February 6, 1998, and appellee filed a Complaint in Divorce on February 12, 1998. At the time of trial, wife was thirty-five years of age and in poor physical health. Since September of 1996, she had been battling breast cancer. Although wife had undergone a left mastectomy, she testified she had developed new masses and was undergoing chemotherapy. The evidence did not clearly establish appellee's prognosis. Appellee had been employed for Ross Labs, a division of Abbott Laboratories. Her yearly compensation prior to her cancer disability was approximately $35,000. On March 18, 1997, appellee began receiving monthly disability payments under the Abbott Labs extended disability plan. Under this plan, appellee received $1,582.50 per month. The benefits were to be paid so long as appellee is disabled. In early 1997, appellee applied for and was awarded social security disability benefits. In August, 1997, she received a retroactive payment from the Social Security Administration of $6,330. Appellee began receiving payments of $1,055 per month until January 1998, when payments were increased to $1,077 per month. Appellee also received two lump sums social security benefit payments for the parties' two children in the amount of $3,174 each. Appellee received these payments in March or April of 1998. Thereafter, the Social Security Administration paid each child $269 per month. At the time of trial, appellant was forty-years old. He was in good physical and emotional health. During the marriage, appellant worked exclusively for Big Bear/Penn Traffic as a warehouseman. During the marriage, appellant's compensation ranged from a low of $20,000 to a high of $28,000 per year. At the time of trial, appellant worked 38.5 hours per week at an hourly wage of $13.86. Appellant had no other source of income. At the time of preparing for and filing the divorce, appellee had vested retirement benefits. Shortly before or shortly after appellee filed for divorce, she received a check representing a lump sum distribution of all monies in her retirement plan. Appellant had a retirement savings plan through Penn Traffic with a value of $5,393.59. Prior to the parties' separation on February 6, 1998, the parties had a joint checking account at Hartland Bank. On February 4, 1998, appellee removed $11,434.46 from that bank account. The parties owned a home and were jointly liable for the mortgage on the property. Other than the mortgage debt, the parties had joint credit card debt of $7,500 at the time of their separation. The parties also borrowed significant sums of money from appellee's mother and grandmother for medical expenses, car expenses, and general living expenses. The matter proceeded to a final contested divorce trial on December 7 and 8, 1998 before the magistrate. Husband filed objections to the report which were heard by the court and granted and overruled in part. On September 1, 1999, the court issued a comprehensive 14 page opinion dealing with each of the appellant's objections. The trial court entered a Divorce Decree on December 13, 1999, incorporating the changes to the Magistrate's Decision. Thereafter, the court vacated the Decree and, on January 12, 2000, executed a corrected Decree of Divorce, consisting of 13 pages terminating the 10 year marriage, providing for custody and support of the two minor children, and dividing and allocating property. It is from the financial orders of the court that the former husband appeals, assigning three errors:
 I. TRIAL COURT ABUSED ITS DISCRETION AND ACTED AGAINST THE WEIGHT OF THE EVIDENCE BY FINDING THE PLAINTIFF-APPELLEE WAS ENTITLED TO A CREDIT IN THE AMOUNT OF $12,500 FOR PAYMENT OF DEFENDANT-APPELLANT'S PREMARITAL DEBT OF $25,000.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED AGAINST THE WEIGHT OF THE EVIDENCE BY AWARDING $4,000 IN ATTORNEY FEES TO PLAINTIFF APPELLEE.
 III. THE TRIAL COURT ERRED IN REDUCING THE VALUE OF PLAINTIFF-APPELLEE'S 401 (k) PENSION PLAN WITH ABBOTT LABS.
 IV. THE TRIAL COURT ERRED IN ITS DECISION ON MARITAL PROPERTY BY NOT FINDING THAT THE ENTIRE $11,434.36 TAKEN FROM THE PARTIES JOINT BANK AT HEARTLAND BANK WAS MARITAL PROPERTY.
Appellee invites us to consider the economic issues presented by each of the assigned errors in the context of the entire judgment and distribution, i.e. review each assignment against the question of whether the divisions and orders as a whole amount to an abuse of discretion. Stetler v. Stetler (1982), 6 Ohio App.3d 29,452 N.E.2d 344. We conclude, upon an examination of the entire record, that the trial court considered all of the relevant evidence in the case, reviewed and reconsidered specific items (particularly at the request of the appellant) and fashioned a program of division of assets and debts consistent with equity and fairness and in the best interests of all of the parties, including the health deficit of the Appellee. We review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.3d 348. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222. With the authority in mind, we turn our attention to the assignments before us:
 I
In appellant's first assignment of error, he maintains the trial court abused its discretion in finding appellee was entitled to a credit of $12,500 for payment of appellant's premarital debt of $25,000. Appellant concedes he entered the marriage with approximately $25,000 in debt (See Appellant's July 12, 1999 Objections to the Magistrate's Decision at unpaginated p. 2). Further, the parties used marital assets to pay off this preexisting debt. We find no abuse of discretion in the trial court's decision, as part of the overall property distribution, to credit wife with one half of the preexisting debt.
 II.
In appellant's second assignment of error, he maintains the trial court abused its discretion by awarding appellee $4,000 in attorney fees. R.C. 3105.18(H) governs the trial court's ability to award attorney fees and provides in pertinent part: In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards.* * *
(Emphasis added).
A decision to award attorney fees lies within the discretion of the trial court. See, Parzynski v. Parzynski (1992), 85 Ohio App.3d 423. In the January 12, 2000 judgment entry, the trial court ordered husband to pay wife $4,000 for her attorney fees. Husband was to pay this amount by deducting the $4,000 from the total amount wife owed husband pursuant to the marital property division. The credit, therefore, reduced the amount wife owed husband. We find these facts, in addition to the testimony regarding husband's income and work history to be more than sufficient to demonstrate husband was capable of paying for the attorney fees. Accordingly we find no abuse of discretion in the trial court's award.
 III.
In his third assignment of error, appellant maintains the trial court erred in reducing the value of appellee's 401(k) pension plan with Abbott Labs. The value of wife's stock retirement plan at the time of divorce was $54,677.21. However, because testimony at trial indicated wife worked approximately two years before the parties married, the trial court determined appellant would be entitled only to 82.47% of the value of appellant's pension plan at the time of divorce. We find no abuse of discretion in the trial court's determination, especially when it is viewed in light of the overall division of property. IV. In his fourth assignment of error, appellant's maintains the trial court erred in concluding, "without any explanation," only $5,342.72 of a bank account containing $11,434.36 was marital property. In its September 1, 1999 Opinion ruling on appellant's objections to the magistrate's decision, the trial court found: 5. Bank Accounts: The plaintiff's withdraw of $11,434.36 from the parties' joint account must be considered as partially marital property. The court notes that a portion of that account should be designated as social security benefits for the children. This cannot be considered as marital property. The court determines that the marital portion of the account was $5,342.72 and the defendant is entitled to one half share or $2,671.36.
Although that it is noted that the lump sum amount for the children was received after the withdrawal, the portions in the account can be assigned to the children since some of the money was used to pay on the mortgage. This is an equitable determination of the funds in this account.
September 1, 1999 Opinion at 7. (Emphasis in original).
This finding explains the ultimate division of the bank accounts in the January 12, 2000 Decree: 12. Bank Accounts — The marital portion of the parties' joint bank account is $5,342.72. The defendant is entitled to one-half share or $2671.36.* * *
We see no abuse of discretion in the trial court's determination a portion of the marital bank account included social security benefits appellee received for the children. We find the overall division of marital property to be fair and equitable.
Accordingly, each of appellant's assignments of error are overruled. The January 12, 2000 Judgment of the Licking County Common Pleas Court, Division of Domestic Relations, is affirmed.
 _____________________ Milligan, V.J.
By: Gwin, P.J. and Hoffman, J. concur