[Cite as *Rees v. Rees*, 2012-Ohio-2129.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

DAVID WILLIAM REES,

    PLAINTIFF-APPELLEE,            CASE NO. 8-11-17

    v.

MARIBEL AGUILAR REES,            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Domestic Relations Division
Trial Court No. DR10-03-0026

Judgment Affirmed

Date of Decision: May 14, 2012

APPEARANCES:

    *April H. Marlett* for Appellant

    *Daniel L. Bennett* for Appellee

Case No. 8-11-17

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Maribel Aguilar Rees ("Maribel"), appeals the judgment of the Logan County Court of Common Pleas, Domestic Relations Division, granting a divorce from Plaintiff-Appellee, David William Rees ("David"). On appeal, Maribel contends that the trial court erred when it failed to award her spousal support. For the reasons set forth below, the judgment is affirmed.

{¶2} David and Maribel were married on November 22, 2002, and have one child, a daughter, who was born in February of 2006 and was four-years old when the David filed his Complaint for Divorce on March 9, 2010. A hearing was held before the magistrate in October of 2010, and the magistrate heard testimony from the parties and the guardian ad litem ("GAL"). The primary issue before the court involved the allocation of parental rights and responsibilities. Both parties wanted "custody" of their daughter. The parties did not own any real property, they had no retirement accounts, and there were very few assets other than their personal property.

{¶3} On December 16, 2010, the magistrate issued her decision, recommending that a divorce should be granted on the ground of incompatibility; there should be no award of spousal support to either party and the court should not retain jurisdiction; each party should be awarded their own personal property

-2-

and be responsible for any debts in their name; David was to pay Maribel one-half of the parties' 2009 tax refund of $3,000; and David was to be designated the residential parent of the child, with visitation as agreed, or according to the local rules if there was no agreement. Neither party was to remove the child from the State of Ohio without the permission of the other party or the trial court.

{¶4} Although the GAL had recommended that Maribel be designated as the residential parent "as long as she resides in Ohio," the GAL had expressed concerns that Maribel intended to return to Texas with the child and was not sure that Maribel understood the importance of complying with the court's orders to allow David to have visitation. Maribel had left the jurisdiction with the child previously, and only allowed David sporadic contact with the child while she was in Texas. The trial court disagreed with the GAL's conclusion, finding that enforcement of the condition of Mirabel remaining in Ohio would be difficult and that the best interest of the child was met by designating David as residential parent.

{¶5} David was a forklift driver, earning about $14.35 per hour. (Oct. 14, 2010 Tr., p. 4) Mirabel worked two part-time restaurant jobs, earning $7.00 and $7.30 per hour respectively. For purposes of the child support worksheet, the trial court imputed minimum wage, at 30 hours per week to Mirabel, with the calculations showing that she should pay David $157.01 per month. However, the

magistrate recommended a deviation, with Mirabel paying $0 child support for a period of one year. (Mag. Dec., p. 4) David would be permitted to petition the trial court for support after that period. The magistrate stated that "[t]he deviation should be granted because of the differences in the parties' incomes and because Maribel needs sufficient funds to provide for [the child] during visitation." (*Id.*) David was to be responsible for obtaining health insurance for the child and would be entitled to the tax exemption for as long as the support deviation was in place. (*Id.*, p. 5)

{¶6} Mirabel filed objections to the magistrate's decision. On June 14, 2011, the trial court overruled Mirabel's objections and granted the final decree of divorce, based upon all of the recommendations set forth in the magistrate's decision. Mirabel filed a request for separate findings of fact and conclusions of law, tolling the time for appeal. On September 16, 2011, the trial court issued its final judgment entry, finding that the request for findings was time-barred because of non-compliance with Civ.R. 53(D)(3)(a)(ii). The trial court issued a general finding, adopting the findings of fact from the magistrate's decision, and issuing a summary of the conclusions of law and its holdings from its June 14, 2011 decision.

{¶7} Mirabel timely appeals this decision, raising the following assignment of error for our review.

**Assignment of Error**

**The trial court erred in not awarding spousal support to Appellant Maribel Rees**

{¶8} In her sole assignment of error, Maribel maintains that the trial court should have awarded Mirabel spousal support due to the length of the marriage and the disparity of the parties' incomes. Mirabel states that she requested an award of spousal support in her pretrial statement and through her testimony at the final hearing, and that the trial court erred in not granting spousal support. Mirabel asserts that several of the R.C. 3105.18 factors support an award of spousal support, including: the fact that David was earning almost double what Mirabel earned; Mirabel's earning ability might be limited because she had only been in the United States for eleven years and was not fluent in English; the parties had been married for over eight years; and, that Mirabel would be unable to continue to have the standard of living that the parties had established during the marriage.

{¶9} Trial courts are granted broad discretion concerning awards of spousal support. *Tremaine v. Tremaine*, 111 Ohio App.3d 703, 706 (2d Dist.1996); *Siekfer v. Siekfer*, 3d Dist. No. 12-06-04, 2006-Ohio-5154, ¶ 15. *Accord, Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990). Their orders will not be reversed on appeal absent an abuse of that discretion. *Id.* An abuse of discretion is more than an error in judgment; it signifies that the trial court's attitude was unreasonable,

arbitrary, or unconscionable. *Timberlake v. Timberlake*, 192 Ohio App.3d 15, 2011-Ohio-38, ¶ 9 (3d Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *Bruce v. Bruce*, 3d Dist. No. 9-10-57, 2012-Ohio-45, ¶ 13, citing *State v. Boles*, 187 Ohio App.3d 345, 2010–Ohio–278, ¶ 17–18 (2d Dist). citing Black's Law Dictionary (8 Ed.Rev.2004) 11. When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Blakemore*; *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶10} R.C. 3105.18 governs the trial court's award of spousal support and requires the court to consider fourteen factors set forth in R.C. 3105.18(C)(1) when determining whether spousal support is appropriate and reasonable, and when determining the nature, amount, terms of payment, and duration of the support. *Strasburg v. Strasburg*, 3d Dist. No. 2-10-12, 2010-Ohio-3672, ¶ 26; *Kunkle*, *supra*. The factors are as follows:

> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;

(e)    The duration of the marriage;

(f)    The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g)    The standard of living of the parties established during the marriage;

(h)    The relative extent of education of the parties;

(i)    The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j)    The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k)    The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l)    The tax consequences, for each party, of an award of spousal support;

(m)    The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n)    Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1)(a)-(n).

{¶11} The burden of establishing the need for spousal support rests with the

party that is seeking such support. *Rymers v. Rymers*, 11th Dist. No. 2009-L-160,

2010-Ohio-6439, ¶ 38; *Stetler v. Stetler*, 6 Ohio App.3d 29 (3d Dist.1983) (while there is no general burden of proof under R.C. 3105.18, each side has the burden of going forward with evidence as to any factor which it wants considered, bringing forth facts tending to prove its version of the manner in which such factors should be applied). "A party cannot complain if a listed factor [for spousal support] has not been considered on which neither party offered any evidence." *Stetler* at 29.

{¶12} In deciding against an award of spousal support, the magistrate stated that "[t]he issues of property division and spousal support were really glossed over. * * * Spousal support was discussed briefly, but this Magistrate would have to infer much from the testimony, which makes such award problematic." (Mag. Dec., pp. 3-4) The record supports the magistrate's finding that no arguments or evidence were set forth to support an award of spousal support to Maribel. In Mirabel's September 2, 2010 pretrial statement, she merely states: "Plaintiff and Defendant were married November 22, 2002. [Mirabel] is requesting spousal support." No reasons were given, nor was there any evidence provided why Mirabel would need to receive spousal support. At trial, the testimony on the subject was limited to:

Q. Okay. Are you also asking for spousal support?

A. Yes.

(Tr., p. 52.) Thereafter, the testimony turned to the fact that Mirabel was not personally receiving any government benefits because she did not have a social security number.

{¶13} Mirabel did nothing more than merely make an unsupported request for spousal support. We do not find that the trial court abused its discretion when it did not attempt to "infer" that she was entitled to support. And, even if we were to do so, we do not find that the trial court's decision was unreasonable or arbitrary based on the specific facts and circumstances that were before the trial court in this case.

{¶14} Although Mirabel claims she should be awarded spousal support because of the length of the marriage, eight years is not necessarily a marriage of long duration. David was earning more than Mirabel, but his income of less than $30,000 per year was not excessive, especially since he will have the added expenses and responsibilities of caring for their daughter, while receiving no child support. Futhermore, David was 53 years old at the time of the hearing, and was much closer to retirement than Mirabel, who was only 35. Neither party had any retirement savings. There was no evidence that either party suffered from any physical, mental or emotional conditions that would preclude them from working, and there was no testimony concerning their education and training.

{¶15} David testified that he only had about $200 in his checking account, he did not own any real property, he was driving a 1997 vehicle, and his only personal property consisted of his guitars. Mirabel did not present any evidence on how her standard of living would change from during her marriage.

{¶16} On appeal, Mirabel wants us to find that the trial court should have inferred that she would be hindered in her ability to find employment because she was not fluent in English and was undocumented. However, she testified that she had managed to obtain two part-time positions in just the short time since she had returned to Ohio, and she also testified that she had applied for a visa under the VAWA (Violence Against Women Act). The record shows that she had been granted authorization for employment by the U.S. Citizenship and Immigration Services on April 14, 2011, prior to the final judgment entry. While her limited English could potentially be a liability, her bilingual ability could also be considered an asset.

{¶17} We find that the trial court's decision in not awarding spousal support was not in any way unreasonable, arbitrary or unconscionable. Mirabel did not provide any evidence or arguments in support of her need for such support. Furthermore, the trial court did allow a deviation from the calculated child support that Mirabel was to pay to David, thereby saving her $157 a month for at least one year. Based on all of the above, Mirabel's assignment of error is overruled.

{¶18} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**