DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas dismissing a prisoner's complaint based upon improper venue. Because we conclude that the trial court erred in failing to transfer the case to the proper county, we reverse.
 {¶ 2} Appellant, Kenneth Jay Wilson, now imprisoned at Toledo Correctional Institute, filed suit in the Lucas County Court of Common Pleas against appellees, Steven Anthony Altier and his parents. Wilson alleged that Altier committed certain tortious acts against him while he and Altier were incarcerated in Lucasville, Ohio at the Southern Ohio Correctional Facility. The appellees filed their motion to dismiss on various grounds, including improper venue. Wilson now appeals from that judgment, arguing that the trial court erred in dismissing for improper venue thus barring him from refiling the lawsuit in the proper venue.
 {¶ 3} The trial court granted the appellees' motion pursuant to Civ.R. 3, stating that the "acts alleged to be the bases of Plaintiff's Complaint arose in * * * Scioto County, Ohio." This is true; however, Civ.R. 3(C)(1) provides that:
 {¶ 4} "When an action has been commenced in a county other than stated to be proper in division (B) of this rule, upon timely assertion of the defense of improper venue as provided in Civ.R. 12, the courtshall transfer the action to a county stated to be proper in division (B) of this rule." (Emphasis added.) Thus, if a lawsuit is filed in an improper venue, transfer to the correct forum is the appropriate action, rather than a complete dismissal of the complaint. State ex rel. OhioState Racing Comm. v. Walton (1988), 37 Ohio St.3d 246, 247.
 {¶ 5} Here, the trial court did not transfer Wilson's case to the common pleas court in Scioto County where it belonged. Accordingly, appellant's first assignment of error is well-taken. Appellant's second assignment of error, that the dismissal operated as a complete bar to the refiling of the lawsuit in the proper venue, is deemed moot.
 {¶ 6} The judgment of the Lucas County Court of Common Pleas is reversed and remanded for transfer under Civ.R. 3. Court costs of this appeal are assessed to appellees.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith AnnLanzinger, J., CONCUR.