THE STATE, EX REL. OHIO STATE RACING COMMISSION ET AL., *v.*
WALTON, JUDGE.

[Cite as State, ex rel. Ohio State Racing Comm., *v.* Walton (1988),
37 Ohio St. 3d 246.]

(No. 88-108—Submitted June 8, 1988—Decided June 15, 1988.)

*Crabbe, Brown, Jones, Potts & Schmidt* and *John C. Albert,* special counsel, for relator Ohio State Racing Commission.

*Chester, Hoffman & Willcox, Roderick H. Willcox* and *John E. Breen,* for relators Scioto Downs, Inc. and Mid-America Racing Association, Inc.

*Benesch, Friedlander, Coplan & Aronoff, James F. DeLeone* and *Orla E. Collier III,* for relators Thistledown Racing Club, Inc., River Downs Turf Club, Inc. and River Downs Jockey Club, Inc.

*Cavitch, Familo & Durkin* and *Michael C. Cohan,* for relator Northfield Park Associates.

*Richard B. Meyers,* prosecuting attorney, and *Charles Cooper,* for respondent.

*Per Curiam.* Regarding mandamus, relators argue that they have a clear right to relief, that respondent has a clear duty to grant the relief, and that they have no plain and adequate remedy at law. Regarding prohibition, they argue that respondent is about to exercise judicial power that is unauthorized by law and that injury will result for which there is no plain and adequate remedy in the ordinary course of law. We agree and allow a peremptory writ of prohibition prohibiting respondent from conducting further proceedings in the *Paul* case and a peremptory writ of mandamus ordering respondent to transfer the case to the Court of Common Pleas of Franklin County.

Civ. R. 3 provides in part:

"(B)  Venue: where proper. Any action may be venued, commenced and decided in any court in any county. * * * Proper venue lies in any one or more of the following counties:

"(1)  The county in which the defendant resides;

"(2)  The county in which the defendant has his principal place of business;

"(3)  A county in which the defendant conducted activity which gave rise to the claim for relief;

"(4)  A county in which a public officer maintains his principal office if suit is brought against him in his official capacity;

"(5)  A county in which the property, or any part thereof, is situated if the subject of the action is real property or tangible personal property;

"(6)  The county in which all or part of the claim for relief arose; * * *

"* * *

"(10)  If there is no available forum in subsections (1) through (9) of this subdivision, in the county in which plaintiff resides; has his principal place of business or regularly and systematically conducts business activity;

"* * *

"(C)  Change of venue.

"(1)  When an action has been commenced in a county other than stated to be proper in subdivision (B) of this rule, upon timely assertion of the defense of improper venue as provided in Rule 12, the court *shall* transfer the action to a county stated to be proper in subdivision (B) of this rule." (Emphasis added.)

Respondent's order denying the motion for change of venue to Franklin County states no reason cognizable under Civ. R. 3(B) as to why venue is proper in Lawrence County. Instead, he adopts a theory implying waiver of the right to proper venue by seeking intervention. This theory has no legal basis. Venue is governed by Civ. R. 3. From facts submitted by both the relators and the respondent, it is clear that venue would be proper in any of several counties under Civ. R. 3(B)(1) to (6), but not in Lawrence County. Under Civ. R. 3(C)(1), it is equally clear that respondent must transfer the case to a county of proper venue under Civ. R. 3(B)(1) to (6). We note from respondent's statement of facts that the original defendants in the *Paul* case, the Ohio State Racing Commission, the Auditor of State, and the Treasurer of State, all are public officers or agencies with their principal offices in Franklin County. Accordingly, for purposes of mandamus, under Civ. R. 3(C)(1), relators had a clear right to have the case transferred and respondent had a clear duty to transfer the case to Franklin County. Civ. R. 3(B) and (C)(1) also establish that, for purposes of prohibition, respondent's retention of the case is unauthorized by law. His answer admits, in effect, that he is about to exercise judicial power. Therefore, the only remaining issue is

whether relators have an adequate remedy at law.

Both sides acknowledge the general rule that a writ of mandamus will not issue with respect to a venue order, and that appeal of a final order in the case is normally a plain and adequate remedy. *State, ex rel. McCoy,* v. *Lawther* (1985), 17 Ohio St. 3d 37, 17 OBR 30, 476 N.E. 2d 1048. However, relators point to certain decisions of this court in which the right of appeal was held not to be a plain and adequate remedy. An available remedy must be adequate under the circumstances of the case. *State, ex rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123, 20 O.O. 3d 121, 420 N.E. 2d 116, and *State, ex rel. Emmich,* v. *Indus. Comm.* (1947), 148 Ohio St. 658, 36 O.O. 265, 76 N.E. 2d 710. Moreover, for a remedy to be adequate, it should be complete in its nature, beneficial, and speedy. *State, ex rel. Liberty Mills, Inc.,* v. *Locker* (1986), 22 Ohio St. 3d 102, 22 OBR 136, 488 N.E. 2d 883; *State, ex rel. Merydith Constr. Co.,* v. *Dean* (1916), 95 Ohio St. 108, 123, 116 N.E. 37, 41. In *State, ex rel. Liberty Mills, Inc.,* we held that an applicant for an agricultural commodity handler's license did not have an adequate remedy via appeal because harvest season would be past by the time the appeal was concluded. In *State, ex rel. Butler, supra,* we held that appeal from denial of a litigant's choice of attorney was not an adequate remedy because to wait for an appeal would force the relator to litigate the case and appeal without counsel of choice.

Appeal in this case would be neither a complete remedy nor speedy. The tax abatements are granted daily, for each day racing is conducted at a track. If tax abatement were enjoined during the trial of the case, relators could suffer loss of the abatements. At the very least, relators might be required to resort to a claim for refund under R.C. 5703.05(B) after prevailing in the case. To have to try the case twice and then to have to resort to an additional remedy negate the adequacy of appeal in this case.

Respondent also asserts that relators are barred by laches. Laches will not lie generally against the Ohio State Racing Commission, a governmental unit. *State, ex rel. Chester Twp. Bd. of Trustees,* v. *Makowski* (1984), 12 Ohio St. 3d 94, 12 OBR 82, 465 N.E. 2d 453. Respondent denied the motions for change of venue on November 25, 1987, and this action was filed on January 20, 1988, not an unconscionable delay. Moreover, respondent has offered no evidence of or even argument concerning prejudice. Therefore, this defense is rejected.

Accordingly, because appeal is, in this case, an inadequate remedy, we issue the requested peremptory writs of prohibition and mandamus.

*Writs allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

LOCHER, J., concurs in judgment only.