[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 623.]

THE STATE EX REL. LYONS, APPELLANT, *v*. ZALESKI, JUDGE, APPELLEE.

[Cite as *State ex rel. Lyons v. Zaleski*, 1996-Ohio-267.]

*Mandamus to compel judge to vacate an entry transferring relator's malpractice action to another county—Writ denied, when.*

(No. 95-2508—Submitted May 7, 1996—Decided June 19, 1996.)

APPEAL from the Court of Appeals for Lorain County, No. 95CA006178.

_____

{¶ 1} In 1993, appellant, Kelly Lyons, instituted a medical malpractice action in Sandusky County against Frank Komorowski, M.D., and Bellevue Hospital. Lyons subsequently filed an amended complaint adding Kathleen Talbot, M.D., and Joseph Colizoli, M.D., as additional defendants. In February 1995, Lyons voluntarily dismissed the suit because she and her attorney believed it would have been difficult to receive a fair trial in Sandusky County. Dr. Komorowski is one of the only obstetrician/gynecologists practicing in the area and Bellevue Hospital is one of only two hospitals in the county.

{¶ 2} Lyons refiled her malpractice action in Lorain County. At the time of refiling, one of the defendants, Dr. Talbot, was a resident of Lorain County. In June 1995, appellee, Lorain County Common Pleas Court Judge Edward M. Zaleski, granted defendants' motion to change venue and transferred the case back to Sandusky County.

{¶ 3} In July 1995, Lyons filed a complaint in the Court of Appeals for Lorain County requesting a writ of mandamus to compel Judge Zaleski to vacate his June 1995 entry transferring her malpractice action to Sandusky County and to order the underlying action to proceed in Lorain County. After Lyons and Judge Zaleski filed motions for summary judgment, the court of appeals denied the writ.

{¶ 4} This cause is now before the court upon an appeal as of right.

———————————

*Murray & Murray Co., L.P.A., Michael T. Murray* and *William H. Bartle*, for appellant.

*Gregory T. White*, Lorain County Prosecuting Attorney, and *M. Robert Flanagan*, Assistant Prosecuting Attorney, for appellee.

———————————

***Per Curiam.***

**{¶ 5}** Lyons asserts that the court of appeals erred in granting summary judgment in favor of Judge Zaleski and denying the requested writ. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152.

**{¶ 6}** Lyons argues in her first and second propositions of law that Judge Zaleski erroneously transferred her malpractice action from Lorain County to Sandusky County. Lyons's refiled malpractice action was properly venued in Lorain County because one of the defendants was a resident of that county. See Civ.R. 3(B) ("Proper venue lies in any one or more of the following counties: (1) The county in which the defendant resides * * *.") and Civ.R. 3(E) ("In any action, brought by one or more plaintiffs against one or more defendants involving one or more claims for relief, the forum shall be deemed a proper forum, and venue therein shall be proper, if the venue is proper as to any one party other than a nominal party * ** .").

**{¶ 7}** Judge Zaleski claims that he applied *forum non conveniens* to transfer the malpractice action to Sandusky County. In *Chambers v. Merrell-Dow*

2

*Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, paragraph two of the syllabus, we held that "[t]he doctrine of *forum non conveniens* is consistent, and does not conflict, with the intent or purpose of Civ.R. 3, relating to venue." However, we further held that *forum non conveniens* may not be applied to a transfer of a properly venued action in an Ohio county to another Ohio county, since Civ.R. 3(C)(4) limits intrastate transfers to transfers to "an adjoining county * * * 'when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending.'" *Id.,* 35 Ohio St.3d at 132, 519 N.E.2d at 377-378; McCormac, Ohio Civil Rules Practice (2 Ed.1992) 32, Section 2.25. Therefore, it appears that Judge Zaleski erred in transferring the malpractice action from Lorain County to Sandusky County based on *forum non conveniens*.

{¶ 8} Nevertheless, even if the foregoing establishes a clear legal right to vacation of the transfer order, a writ of mandamus will not be issued where there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05; *State ex rel. Hunter v. Certain Judges of Akron Mun. Court* (1994), 71 Ohio St.3d 45, 46, 641 N.E.2d 722, 723.

{¶ 9} Lyons's contention that Judge Zaleski failed to comply with Civ.R. 3 in transferring the malpractice action to Sandusky County challenges venue and is not jurisdictional. *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 467, 605 N.E.2d 31, 35. Civ.R. 3(G) provides:

"The provisions of this rule relate to venue and are not jurisdictional. *No order, judgment, or decree shall be void or subject to collateral attack solely on the ground that there was improper venue*; however, nothing here shall affect the right to appeal an error of court concerning venue." (Emphasis added.)

{¶ 10} Judge Zaleski's order changing venue does not constitute a final appealable order and is reviewable only after a final judgment is entered in the malpractice action. See, *e.g.*, *State ex rel. Starner v. DeHoff* (1985), 18 Ohio St.3d 163, 165, 18 OBR 219, 221, 480 N.E.2d 449, 451. In general, mandamus may not

be employed as a substitute for an appeal from an interlocutory order. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 555, 653 N.E.2d 366, 369.

**{¶ 11}** In addition, extraordinary relief in mandamus or prohibition generally does not lie to challenge a decision on a motion to change venue, because appeal following a final judgment provides an adequate legal remedy. *Ruessman, supra*, 65 Ohio St.3d at 467, 605 N.E.2d at 35; *State ex rel. McCoy v. Lawther* (1985), 17 Ohio St.3d 37, 38-39, 17 OBR 30, 32, 476 N.E.2d 1048, 1049.

**{¶ 12}** Lyons contends that the foregoing general rules do not apply, since appeal is an inadequate remedy under the circumstances present in the case at bar. Appeal is inadequate if it is not complete in its nature, beneficial, and speedy. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 209, 648 N.E.2d 823, 826. Lyons relies on *Starner* and *State ex rel. Ohio State Racing Comm. v. Walton* (1988), 37 Ohio St.3d 246, 525 N.E.2d 756, in support of her contention that appeal following a final judgment in the Sandusky County case constitutes an inadequate remedy.

**{¶ 13}** In *Starner*, we affirmed the issuance of writs of mandamus and prohibition to vacate a court's transfer of a claim to another county. The Starners had filed a complaint against several defendants in Stark County. A Stark County judge severed one of the claims and transferred it to Holmes County. We concluded that postjudgment appeal of the wrongful change of venue would be inadequate because "[t]his would defeat the entire purpose behind [the Starners'] actions, which is to have these two claims heard together in order to minimize costs and time." *Starner, supra,* 18 Ohio St.3d. at 165, 18 OBR at 221, 480 N.E.2d at 452. In the case *sub judice*, there was no severance of claims and no prospect of proceeding with multiple actions simultaneously. *Starner* is thus inapposite.

**{¶ 14}** In *Ohio State Racing Comm.*, *supra*, 37 Ohio St.3d at 248, 525 N.E.2d at 758, we acknowledged the general rule that an extraordinary writ will not issue with respect to a venue order because appeal of a final order in the case is

normally a plain and adequate remedy. However, we issued writs of mandamus and prohibition because "[a]ppeal in this case would be neither a complete remedy nor speedy. The tax abatements are granted daily, for each day racing is conducted at a track. If tax abatement were enjoined during the trial of the case, relators could suffer loss of the abatements. At the very least, relators might be required to resort to a claim for refund under R.C. 5703.05(B) after prevailing in the case. To have to try the case twice and then to have to resort to an additional remedy negate the adequacy of appeal in this case." *Id.* As the court of appeals concluded, unlike *Ohio State Racing Comm.*, there is no indication here that additional remedial measures would be necessary if an appeal required a new trial.

{¶ 15} Lyons can challenge Judge Zaleski's change of venue order by appeal following a final judgment in the Sandusky County case. Further, to the extent that Lyons still believes that she cannot receive a fair trial in Sandusky County, she can move to change venue pursuant to Civ.R. 3(C)(4).

{¶ 16} Lyons finally claims that the expense of two trials that might be necessitated because of Judge Zaleski's erroneous transfer order renders the alternative remedy of appeal inadequate. However, contentions that appeal from any subsequent adverse final judgment would be inadequate due to time and expense are without merit. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 124, 656 N.E.2d 684, 688; *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St.3d 196, 200, 638 N.E.2d 74, 77.

{¶ 17} After Judge Zaleski met his initial burden of demonstrating no genuine issue of material fact as to the presence of an adequate legal remedy, Lyons failed to produce any Civ.R. 56(C) evidence establishing the lack of an adequate remedy in the ordinary course of the law. The court of appeals properly concluded that the evidence in this case is "not compelling enough to override the general rule that appeal of the final order, rather than mandamus, is the appropriate remedy to

challenge a venue ruling." The court of appeals properly granted summary judgment in favor of Judge Zaleski and denying the writ.

{¶ 18} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

---

**DOUGLAS, J., dissenting.**

{¶ 19} I respectfully dissent. I believe that the recitation of the facts and law even by the majority graphically portrays that appellant does not have an adequate remedy at law. In *State ex rel. Liberty Mills, Inc. v. Locker* (1986), 22 Ohio St.3d 102, 104, 22 OBR 136, 137, 488 N.E.2d 883, 885-886, we said that for a remedy to be adequate, it must be complete in its nature, beneficial and speedy. Appellant's remedy, as set forth by the majority, is not adequate. Therefore, I would reverse the judgment of the court of appeals. Because the majority does not do so, I respectfully dissent.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

---