DECISION AND JUDGMENT ENTRY {¶ 1} Appellee, Westhaven Service Co. n/k/a Omnicare Pharmacy of Perrysburg ("Westhaven"), has filed a motion to dismiss the appeal filed by Ronald W. Coon, Executor of the Estate of Russell Coon ("Coon"). Westhaven argues that the order from which this appeal is taken is not final and cannot be appealed at this time. Coon has filed a memorandum in opposition to the motion and Westhaven has filed a reply brief. The court finds that the order is not final and appealable and, therefore, this court has no jurisdiction to entertain this appeal. The order being appealed states:
 {¶ 2} "A Motion to Dismiss for Lack of Jurisdiction was filed on behalf of Ronald Coon, Executor. * * *.
 {¶ 3} "At issue in this case is a claim for recovery against the Estate of Russell Coon for pharmaceuticals and pharmacy services rendered during Mr. Coon's life. By correspondence dated June 14, 2002 a claim was submitted to the fiduciary Ronald W. Coon. The claim was rejected by letter dated October 22, 2002. On December 18, 2002 Westhaven * * * filed a Complaint for Money Only in the Lucas County Probate Court.
 {¶ 4} "The Motion to Dismiss contends that the Probate Division of the Common Pleas Court has no jurisdiction to hear this matter and requests the dismissal of the case. The responsive pleading argues that the Probate Court is the appropriate jurisdiction, however, in the alternative argues that the case should be transferred rather than dismissed should the Probate Court determine that jurisdiction is lacking.
 {¶ 5} " * * * [T]he adjudication of a creditor's claim [upon the assets of an estate] which has been properly rejected by a fiduciary is not within the jurisdiction of the Probate Court, but must be litigated in a court of general jurisdiction. * * * [T]he court therefore finds that the transfer of the case to the Lucas County Common Pleas Court, General Division is appropriate.
 {¶ 6} "It is hereby ordered that the Complaint For Money Only be and hereby is transferred to the Lucas County Court of Common Pleas, General Division for adjudication.
 {¶ 7} It is So Ordered."
 {¶ 8} We find that neither the denial of the motion to dismiss nor the order transferring the case to the general division of the common pleas court fits into any of the R.C. 2505.02[1] categories of a final appealable order.
THE DENIAL OF THE MOTION TO DISMISS
 {¶ 9} It is firmly established that an order denying a motion to dismiss is not a final appealable order. Ferrell v. Standard Oil Co.
(1984), 11 Ohio St.3d 169. Westhaven's argument that the probate court is a court of limited jurisdiction goes to the merits of the trial court order, not to the issue of whether the order is immediately appealable.
THE ORDER TRANSFERRING THE CASE TO THE GENERAL DIVISION
 {¶ 10} In Duryee v. Rogers (Dec. 16, 1999) Cuyahoga App. No. 74963, discretionary appeal not allowed (2000), 88 Ohio St.3d 1503, the court addressed the issue of whether an order transferring a case to another court is a final appealable order under the then newly revised[2]
R.C. 2505.02. The Eighth District Court of Appeals stated:
 {¶ 11} "[T]he trial court's order of transfer [from Cuyahoga County Court of Common Pleas to Franklin County Court of Common Pleas] stands on a different footing [than other portions of the trial court's order]. First, this is not an order which `determines the action and prevents a judgment.' R.C. 2505.02(B)(1). It is procedural; it does not decide any claim.
 {¶ 12} "Manifestly, the order of transfer is not an order which `vacates or sets aside a judgment or grants a new trial' or `determines that an action may or may not be maintained as a class action.' R.C.2505.02(B)(3) and (5). Consequently, it is not final and appealable orders under these provisions.
 {¶ 13} "Moreover, it is not an order that affects a substantial right made in a special proceeding, which is made final and appealable by R.C. 2505.02(B)(2). The definition of a special proceeding in amended R.C. 2505.02(A) is substantively equivalent to the definition previously developed by case law:
 {¶ 14} "`Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 15} "Compare Polikoff v. Adam (1993), 67 Ohio St.3d 100,616 N.E.2d 213. '[A] proceeding for change of venue is not a special proceeding * * *.' State, ex rel. Starner v. DeHoff (1985),18 Ohio St.3d 163, 165, 480 N.E.2d 449; State, ex rel. Lyons v. Zaleski
(1996), 75 Ohio St.3d 623, 625, 665 N.E.2d 212. Therefore, the order transferring the action to the Franklin County Court of Common Pleas is not final and appealable under R.C. 2505.02(B)(2). Cf. State ex rel. BancOne, v. Walker (1999), 86 Ohio St.3d 169, 173, 712 N.E.2d 742 (appeal following final judgment is adequate legal remedy for challenge to decision on motion to change venue).
 {¶ 16} "The only remaining issues are raised by amended R.C.2505.02(B)(4). This subsection is new to R.C. 2505.02. It renders final and appealable the grant or denial of a `provisional remedy' under certain circumstances.
 {¶ 17} "The first issue presented by R.C. 2505.02(B)(4) is whether the order of transfer grants or denies a `provisional remedy.' The term `provisional remedy' is defined in R.C. 2505.02(A)(3):
 {¶ 18} "`Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 {¶ 19} "The statutory definition does not specifically refer to proceedings to transfer venue nor are any of the listed proceedings akin to a proceeding to transfer venue. Consequently, a closer examination of the concept of a provisional remedy is in order.
 {¶ 20} "A provisional remedy is generally defined as:
 {¶ 21} "`A remedy provided for present need or for the immediate occasion; one adapted to meet a particular exigency. Particularly, a temporary process available to a plaintiff in a civil action, which secures him against loss, irreparable injury, dissipation of the property, etc., while the action is pending. Such include the remedies of injunction, appointment of a receiver, attachment, or arrest.' Black's Law Dictionary (5th Ed. 1979) 1102.
 {¶ 22} "`A remedy of a party to an action, not intended as means of reaching a determination and adjudication of the issue or issues, but as a means whereby the party who invokes it successfully prevents the adverse party from taking steps during the course of the action which would thwart the enforcement of a judgment obtained in the action. Not a special proceeding, but a merely collateral proceeding permitted only in connection with a regular action, and as one of its incidents.' Ballentine's Law Dictionary (3d Ed. 1969) 1016-17.
 {¶ 23} "A recurring theme in these definitions is that a provisional remedy protects one party against irreparable harm by another party during the pendency of the litigation. Transfer of venue is not consonant with this theme. It does not involve protection of a party's ability to enforce a final judgment or preservation of the status quo during the pendency of the action.
 {¶ 24} "Accordingly, this court finds the trial court's order transferring of this action to Franklin County is not a final appealable order."
 {¶ 25} We agree with the analysis and outcome of the Cuyahoga County Court of Appeals and find that the order transferring this case from the Lucas County Court of Common Pleas, Probate Division to the General Division of the same court is not a final appealable order. This court only has jurisdiction over appeals from final judgments or orders.
 {¶ 26} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district, * * *." Section 3(B)(2), Article IV, Ohio Constitution.
 {¶ 27} See, also, R.C. 2505.03 which states:
 {¶ 28} "(A) Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction."
 {¶ 29} Accordingly, this court lacks jurisdiction to hear appellant's appeal. It is ordered that this appeal is dismissed at appellant's cost.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Arlene Singer, J. JUDGE CONCUR.
[1] This statute states:
"2505.02 Final order.
"(A) As used in this section:
"(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
"(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
"(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
"(3) An order that vacates or sets aside a judgment or grants a new trial;
"(4) An order that grants or denies a provisional remedy and to which both of the following apply:
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
"(5) An order that determines that an action may or may not be maintained as a class action.
"(C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.
"(D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state."
[2] For a discussion of this issue under the prior version of the statute, which reaches the same conclusion as Duryee, see Legg v. Fuchs
(2000), 140 Ohio App.3d 223.