[THE STATE EX REL.] SMITH, ADMR., *v.* CUYAHOGA
COUNTY COURT OF COMMON PLEAS ET AL.

[Cite as *State ex rel. Smith v. Cuyahoga Cty. Court of Common
Pleas,* 106 Ohio St.3d 151, 2005-Ohio-4103.]

(No. 2005–0629—Submitted June 14, 2005—Decided August 31, 2005.)

**Per Curiam.**

{¶ 1} This is a mandamus action to compel a common pleas court to vacate orders to transfer venue, accept venue over a medical-malpractice case, and adjudicate the merits of that case.

{¶ 2} Relator, Carla Smith, is the administrator of the estate of her deceased son, Edward Smith II. Smith is a resident of Ashland County, Ohio, as was the decedent.

{¶ 3} On April 2, 2003, Smith filed a medical-malpractice and wrongful-death action in respondent Cuyahoga County Court of Common Pleas. Smith named respondent Cleveland Clinic Foundation ("Cleveland Clinic"), Rajyalakshmi Rambhatla, M.D., Cleveland Clinic Wooster, Children's Hospital Medical Center of Akron, Albert Miller, M.D., and Wooster Community Hospital as defendants. The Cleveland Clinic maintains its headquarters, owns real estate, employs physicians and staff, and provides medical services in Cuyahoga County, Ohio.

{¶ 4} On June 19, 2003, the defendants moved to transfer the case to the Wayne County Court of Common Pleas. The defendants asserted that Wayne County was a more appropriate venue than Cuyahoga County because several defendants were located in Wayne County and a substantial portion of the treatment provided to the decedent occurred at the Cleveland Clinic facilities in Wayne County. On August 19, 2003, Judge Thomas J. Pokorny of the Cuyahoga County Court of Common Pleas granted the defendants' motions and transferred venue of the case to the Wayne County Court of Common Pleas. The Cuyahoga County Court of Appeals dismissed an appeal from the change of venue for lack of a final, appealable order, and this court declined further review.

{¶ 5} The parties to the case reached a partial settlement, and Smith voluntarily dismissed without prejudice her remaining claims against the Cleveland Clinic and Dr. Rambhatla.

{¶ 6} On October 29, 2004, Smith refiled her medical-malpractice action in the Cuyahoga County Court of Common Pleas solely against the Cleveland Clinic. On November 23, 2004, the Cleveland Clinic moved to transfer venue to the Wayne County Court of Common Pleas. In December 2004, the Cuyahoga County judge who was initially assigned the refiled case denied the motion. The case was then returned to Judge Pokorny, and on December 17, 2004, he transferred the case to the Wayne County Court of Common Pleas. According to Judge Pokorny, the case should have been transferred to him initially rather than to the other judge because it was a refiled action.

{¶ 7} Smith moved the Wayne County Court of Common Pleas to reject the transfer of venue. On February 11, 2005, that court granted Smith's motion and returned the medical-malpractice case to the Cuyahoga County Court of Common Pleas. In so holding, the Wayne County court determined that the Cuyahoga County court had not properly transferred venue:

{¶ 8} "[T]he Court finds that because the Plaintiff resides in Cuyahoga County and Defendant has its principal place of business in Cuyahoga County the suit is properly venued in Cuyahoga County. And, unless Defendant has a reasonable belief that it cannot obtain a fair and impartial trial in Cuyahoga County then this action should not have been transferred to Wayne County."

{¶ 9} On February 22, 2005, the Cleveland Clinic again moved for the Cuyahoga County Court of Common Pleas to transfer venue of Smith's medical-malpractice action to the Wayne County Court of Common Pleas. On March 9, 2005, Judge Pokorny granted the motion and transferred the case back to the Wayne County Court of Common Pleas. Judge Pokorny concluded that Wayne County was the more appropriate venue because the medical care at issue was rendered in Wayne County, and "the only remote connection to Cuyahoga County was the fact that [the] treating physician * * *, a Wayne County resident, was employed by the Cleveland Clinic, which has its main campus in Cuyahoga County." On April 1, 2005, Judge Pokorny retired as a judge.

{¶ 10} On April 8, 2005, Smith, individually and as administrator of her decedent son's estate, filed this action for a writ of mandamus to compel the Cuyahoga County Court of Common Pleas to vacate Judge Pokorny's orders transferring venue to the Wayne County court, accept venue of Smith's medical-malpractice case, and adjudicate the merits of that case. On May 4, 2005, the Cuyahoga County court answered the complaint. On May 9, 2005, Cleveland Clinic moved to dismiss. On May 16, 2005, Smith filed a memorandum in opposition to Cleveland Clinic's motion.

{¶ 11} This cause is now before us for our determination under S.Ct.Prac.R. X(5).

## S.Ct.Prac.R. X(5) Standard of Review

{¶ 12} We must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. S.Ct.Prac.R. X(5); *State ex rel. Rodak v. Betleski,* 104 Ohio St.3d 345, 2004-Ohio-6567, 819 N.E.2d 703, ¶ 10. " '[I]f the pertinent facts are uncontroverted and it appears beyond doubt that [the relator] is entitled to the requested writ, we will issue a peremptory writ of mandamus.' " (Brackets sic.) *State ex rel. Dispatch Printing Co. v. Morrow Cty. Prosecutor's Office,* 105 Ohio St.3d 172, 2005-Ohio-685, 824 N.E.2d 64, ¶ 4, quoting *State ex rel. Highlander v. Rudduck,* 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 8.

## Application of Standard to Mandamus Claim

{¶ 13} In order to be entitled to the requested writ of mandamus, Smith must establish a clear legal right to vacation of the Cuyahoga County court's transfer orders and to an order compelling that court to adjudicate the merits of her medical-malpractice case, a clear legal duty on the part of that court to perform the requested acts, and the lack of an adequate remedy in the ordinary course of the law. See *State ex rel. Cincinnati Bell Tel. Co. v. Pub. Util. Comm.,* 105 Ohio St.3d 177, 2005-Ohio-1150, 824 N.E.2d 68, ¶ 13.

{¶ 14} Regarding the first two requirements, the Cuyahoga County court implicitly relied on the doctrine of forum non conveniens to transfer venue of Smith's medical-malpractice case to the Wayne County court. " 'The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.' " *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 125–126, 519 N.E.2d 370, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055. Courts applying forum non conveniens consider a variety of private and public interests to determine which forum is more appropriate. *Gilbert,* 330 U.S. at 508–509, 67 S.Ct. 839, 91 L.Ed. 1055. Some factors include the ease of access to sources of proof, the availability of witnesses, and the local interest in having localized controversies decided at home. Id.; see, also, Restatement of the Law 2d, Conflict of Laws (1971), Section 84 ("A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff").

{¶ 15} In *Chambers,* we recognized that forum non conveniens applies to cases in which the more convenient forum is in another state or another country. Id., 35 Ohio St.3d at 132, 519 N.E.2d 370 ("Civ.R. 3 does not expressly preclude the application of the common-law doctrine of *forum non conveniens* in interstate or

international situations not covered by subsection (D), whether or not venue is 'proper' in Ohio"). We rejected its application, however, to intrastate transfers from one county to another county. See *State ex rel. Lyons v. Zaleski* (1996), 75 Ohio St.3d 623, 624, 665 N.E.2d 212, quoting *Chambers*, 35 Ohio St.3d at 132, 519 N.E.2d 370 (*"forum non conveniens* may not be applied to a transfer of a properly venued action in an Ohio county to another Ohio county, since Civ.R. 3(C)(4) limits intrastate transfers to transfers to 'an adjoining county * * * "when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending" ' "). Civ.R. 3, governing venue, recognizes that *"transfer* of a case from one proper venue to another proper venue *within* the state for means of convenience is unnecessary in a geographically small state such as Ohio, and that any inconvenience to witnesses in such a situation could be remedied by the use of depositions." (Emphasis sic.) *Chambers*, 35 Ohio St.3d at 131, 519 N.E.2d 370; see, generally, 1 Klein & Darling, Civil Practice (2004) 223–224, Section 3:68 ("If forum non conveniens were to be held available intrastate, it would conflict with * * * fundamental principles of Civ.R. 3(B) * * *").

{¶ 16} The uncontroverted evidence establishes that Smith's medical-malpractice case was properly venued in Cuyahoga County because Cleveland Clinic's principal place of business is located there. Civ.R. 3(B)(2). And because the Cleveland Clinic raised no issue and introduced no evidence that it would be unable to receive a fair trial in Cuyahoga County, the Cuyahoga County court erred in transferring the medical-malpractice case to Wayne County. Even if the Cleveland Clinic had introduced such evidence, the Cuyahoga County court still erred in transferring the case because Wayne County does not adjoin Cuyahoga County. See Civ.R. 3(C)(4) ("Upon motion of any party or upon its own motion the court may transfer any action to an *adjoining county* within this state when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending"). (Emphasis added.)

{¶ 17} The various cases cited by the Cleveland Clinic do not modify this result because they do not apply the controlling precedent of *Chambers* or the plain language of Civ.R. 3. See *McGraw v. Convenient Food Mart* (June 18, 1999); Lake App. No. 97–L–271, 1999 WL 420592; *Davis v. Eachus*, Pike App. No. 04CA725, 2004-Ohio-5720, 2004 WL 2406685; *Allin v. Hartzell Propeller, Inc.*, Miami App. No. 02CA57, 2003-Ohio-2827, 2003 WL 21267720.

{¶ 18} Therefore, Smith has established a clear legal right to vacation of the Cuyahoga County Court of Common Pleas' transfer orders and an order compelling that court to adjudicate the merits of Smith's medical-malpractice case and a corresponding clear legal duty on the part of that court to perform these acts.

{¶ 19} Smith has also established the lack of an adequate remedy at law to raise her claim challenging the Cuyahoga County court's transfer orders. In general, relief by extraordinary writ is not available to challenge a court's decision on motion for a change in venue because appeal following a final judgment provides an adequate remedy. *Lyons,* 75 Ohio St.3d at 625, 665 N.E.2d 212. But an extraordinary writ is appropriate when the alternate remedy is not complete, beneficial, and speedy. See *State ex rel. Ullmann v. Hayes,* 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8 ("The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy"); see, also, *State ex rel. Ohio State Racing Comm. v. Walton* (1988), 37 Ohio St.3d 246, 525 N.E.2d 756, and *State ex rel. Starner v. DeHoff* (1985), 18 Ohio St.3d 163, 18 OBR 219, 480 N.E.2d 449, holding that under the unique circumstances in these cases, an appeal from an order on a motion to change venue was not an adequate legal remedy precluding extraordinary relief in mandamus and prohibition.

{¶ 20} Appeal following a final judgment is not a complete, beneficial, and speedy remedy here. Both the Cuyahoga County and Wayne County courts have in their most recent decisions refused to exercise jurisdiction over Smith's medical-malpractice case. Although Cleveland Clinic suggests that the Wayne County court might exercise jurisdiction over the underlying action this time around, there is no evidence to support this suggestion. Unless the writ issues, neither court will necessarily proceed to judgment in the case, and Smith will not have any appeal. See *State ex rel. Wallace v. Tyack* (1984), 13 Ohio St.3d 4, 6, 13 OBR 379, 469 N.E.2d 844 (writ of procedendo issued to compel Court of Claims and common pleas court to proceed to judgment in wrongful-death actions because both courts had erroneously stayed proceedings, thereby precluding the plaintiff from litigating his wrongful-death claim).

{¶ 21} In *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 396, 678 N.E.2d 549, we rejected a claim that an appeal from a final judgment to challenge a change-of-venue order would be inadequate. We found that the relators' claim that the county courts "could simply transfer venue back and forth *ad infinitum* is *not supported by the evidence.*" (Emphasis added.) Id. at 396, 678 N.E.2d 549. Unlike the courts in *Dannaher,* the Cuyahoga County and Wayne County courts *have already* transferred the medical-malpractice case back and forth. Notwithstanding Cleveland Clinic's argument to the contrary, Smith need not await yet another round of motions to reject and transfer venue to obtain the requested relief.

## Conclusion

{¶ 22} Based on the foregoing, Smith has established her entitlement to the requested writ. No further evidence or argument is necessary. The Cuyahoga County court erroneously transferred venue of the medical-malpractice case to

the Wayne County Court of Common Pleas. Because the pertinent evidence is uncontroverted, a peremptory writ of mandamus is warranted.

{¶ 23} Therefore, we grant a peremptory writ of mandamus to compel the Cuyahoga County Court of Common Pleas to vacate its orders transferring the case, to accept venue over the case, and to adjudicate the merits of the case.

Writ granted.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., dissents.

---

Landskroner, Greico & Madden and Jack Landskroner; Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for relator.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for respondent Cuyahoga County Court of Common Pleas.

Moscarino & Treu, L.L.P., Kris H. Treu, Edward S. Jerse, and Seamus J. McMahon, for respondent Cleveland Clinic Foundation.