[Cite as *Bruce v. Bruce*, 2012-Ohio-45.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

BRITTANIE BRUCE,

    PLAINTIFF-APPELLANT,             CASE NO. 9-10-57

    v.

DANIEL PIETER BRUCE,            O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Marion County Common Pleas Court,
Domestic Relations Division
Trial Court No. 2009 DR 0378

Judgment Vacated and Cause Remanded

Date of Decision: January 9, 2012

APPEARANCES:

    *Jeff Ratliff and Jon L. Jensen* for Appellant

    *Judith E. Galeano* for Appellee

**ROGERS, P.J.**

{¶1} Plaintiff-Appellant, Brittanie Bruce (hereinafter "Brittanie"), appeals the judgment of the Marion County Court of Common Pleas, Family Division, (hereinafter "Marion County Family Court") granting Defendant-Appellee's, Daniel Bruce (hereinafter "Daniel"), motion to terminate the parties' shared parenting plan, modifying the parties' parental rights and responsibilities, and designating Daniel as the residential parent and legal custodian of their minor children. On appeal, Brittanie contends that the case was improperly transferred from Hardin to Marion County; that the trial court erred in finding that a change in circumstances had occurred; that the trial court erred when it limited her cross-examination of Daniel; that the trial court erred when it permitted the introduction of evidence that predated the prior custody decree; and, that the trial court erred when it permitted the introduction of exhibits which were not disclosed to her in accordance with a pre-existing order mandating disclosure. Based on the following, we reverse the judgment of the trial court.

{¶2} The parties divorced on November 16, 2006, pursuant to a decree of dissolution of marriage entered by the Hardin County Court of Common Pleas (hereinafter "Hardin County Court"). As part of the dissolution order, Brittanie was designated residential parent and legal custodian of the parties' children: R.B., born in April of 2001, and W.B., born in July of 2004.

**{¶3}** On July 31, 2007, Daniel filed a motion to reallocate parental rights and responsibilities. On March 13, 2008, while his prior motion was still pending, Daniel filed a motion for shared parenting. On August 7, 2008, the parties filed a joint shared parenting plan with the Hardin County Court. According to the shared parenting plan, each party was designated residential and custodial parent of the children and Brittanie was designated residential parent for school placement purposes. The parties' shared parenting plan was adopted by the Hardin County Court and journalized in its September 17, 2008 Judgment Entry. On October 17, 2008, Brittanie filed a notice of intent to relocate, stating that she intended to move with the children to neighboring Marion County.

**{¶4}** On September 29, 2009, Daniel filed a motion to terminate or, in the alternative, modify the parties' shared parenting plan. Daniel also filed a motion to transfer the case to Marion County. Daniel's motion stated, in pertinent part, that:

> **Petitioner-Father, in the best interest of his children, requests this court to use its discretion and transfer the matter to a more convenient forum in Marion County.**
>
> **\* \* \***
>
> **The more convenient forum for the parties to litigate issues pertaining to the minor children would be the county is (sic) which the minor children currently reside, Marion County.**

Motion to Change Venue, p. 3. In response, Brittanie filed objections to Daniel's motion to terminate or modify the shared parenting plan, as well as a motion in opposition to Daniel's motion for a change of venue. Subsequently, Daniel filed a reply to Brittanie's objections and motion in opposition.

{¶5} On November 20, 2009, the Hardin County Court granted Daniel's motion to transfer the case to Marion County. The Hardin County Court's order stated, in its entirety:

> **This cause came on for consideration by the Court upon motion of Defendant, Daniel Bruce, for transfer of venue.**
>
> **The Court upon review of the original motion, the memorandum contra filed by Plaintiff, Brittanie Bruce, and Defendant's motion to dismiss finds same to be well taken and for good cause shown grants same.**
>
> **It is therefore that this matter be transferred to the Marion County Family Court.**
>
> **This certification is made with the prior consent and approval of the Honorable Deborah A. Alspach, Judge of the Marion County Family Court.**
>
> **The Hardin County Clerk of Courts is hereby ordered to certify this case to the Marion County Family Court.** November 20, 2009, Order Granting Change of Venue.

{¶6} Thereafter, the case was transferred to the Marion County Family Court, which entered an order assigning a Family Services Coordinator to review the case and file a report providing recommendations on the matter of the parties'

parental rights. On June 2, 2010, the Family Services Coordinator filed his report on the case.

{¶7} On August 17, 2010, Brittanie filed a motion for modification of the shared parenting plan and a proposed shared parenting plan. Daniel subsequently filed a motion for shared parenting and an amended parenting plan. On September 27 and 28, 2010, the Marion County Family Court held a two-day trial on the matter of the parties' parental rights and heard the testimony of eleven witnesses.

{¶8} On October 20, 2010, the Marion County Family Court entered its judgment terminating the shared parenting plan in place and designating Daniel as the children's residential parent and legal custodian.

{¶9} It is from this judgment Brittanie appeals, presenting the following assignments of error for our review.

### *Assignment of Error No. I*

**VENUE WAS IMPROPERLY TRANSFERRED FROM THE COURT OF COMMON PLEAS FOR HARDIN COUNTY, OHIO, DOMESTIC RELATIONS DIVISION, TO THE COURT OF COMMON PLEAS FOR MARION COUNTY, OHIO, FAMILY DIVISION.**

### *Assignment of Error No. II*

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THERE HAD OCCURRED A CHANGE IN CIRCUMSTANCES AND THAT SUCH CHANGE HAD A MATERIAL ADVERSE EFFECT ON THE**

**CHILDREN WARRANTING A MODIFICATION OF CUSTODY.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REFUSING TO PERMIT APPELLANT'S COUNSEL THE OPPORTUNITY TO QUESTION OR IN THE ALTERNATIVE, THE OPPORTUNITY TO PROFFER ON CROSS-EXAMINATION OF APPELLEE.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN PERMITTING THE INTRODUCTION OF EVIDENCE PREDATING THE PRIOR CUSTODY DECREE CONTRARY TO THE AGREEMENT AND STIPULATION OF THE PARTIES AND THE DOCTRINE OF *RES JUDICATA*.**

*Assignment of Error No. V*

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN PERMITTING THE APPELLEE'S COUNSEL TO INTRODUCE NUMEROUS EXHIBITS OVER THE OBJECTION OF COUNSEL WHEN OPPOSING COUNSEL FAILED TO DISCLOSE THE SAME IN ACCORDANCE WITH THE TRIAL COURT'S FEBRUARY 8, 2010 ORDER.**

*Assignment of Error No. I*

**{¶10}** In her first assignment of error, Brittanie contends that the Hardin County Court erred when it granted Daniel's motion for a change of venue and transferred the case to Marion County. Specifically, Brittanie contends that the Hardin County Court improperly granted Daniel's motion because Daniel's

motion requested the transfer based solely upon the parties' convenience, and failed to demonstrate that a fair and impartial trial cannot be had in Hardin County as required by Civ.R. 3(C)(4).

{¶11} Though an order granting or denying a change of venue from one Ohio county to another Ohio county may be challenged on appeal, the order, standing alone, is not a final, appealable order. *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 625, 665 N.E.2d 212 (1996); *Buxton v. Mancuso*, 5th Dist. No. 09 CA 22, 2009-Ohio-6839, ¶ 13. Therefore, a party who wishes to appeal an order granting or denying a change of venue must wait to appeal said issue until a final judgment has been rendered in the case. *Zaleski* at 625. The present appeal stems from the Marion County Family Court's judgment entry designating Daniel as the residential parent. This judgment is a final, appealable order. Consequently, Brittanie's first assignment of error challenging the Hardin County Court's order granting the change of venue is properly before this Court.

{¶12} Furthermore, we find that the Hardin County Court's order granting a change of venue was properly preserved for appeal. Though Brittanie did not file an objection with the Marion County Family Court opposing the change of venue, we find that such an objection was not required in order to preserve the matter for appeal. Where a party files a motion, in the original forum, opposing a change of venue, we find that the matter is preserved for appeal. Because Brittanie filed a

motion opposing a change of venue with the Hardin County Court, we find that the matter was preserved for appeal.

**{¶13}** The decision to change venue is within the trial court's sound discretion and will not be overturned absent an abuse of that discretion. *Burns v. Prudential Securities, Inc.*, 167 Ohio App.3d 809, 2006-Ohio-3550, 857 N.E.2d 621, ¶ 67, citing *State ex rel. Dunbar v. Ham, 45 Ohio St.2d 112, 114, 341*, 341 N.E.2d 594 (1976).[1]  A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. See *State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶ 17-18, citing Black's Law Dictionary (8 Ed.Rev.2004) 11.  When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶14}** Change of venue in a civil action is governed by Civ.R. 3(C).  In particular, Civ.R. 3(C)(4) governs the intrastate transfer of a civil action, which is at issue here.  Civ.R. 3(C)(4) provides:

---

[1]  Although the dissent also cites to *Prudential* and *Dunbar*, it appears that the dissent has failed to notice the distinctions.  In *Prudential* the trial court allowed extensive voir dire prior to a determination that a change of venue was not necessary.  *Dunbar* was a case in which the venue was transferred prior to trial, and its holding must now be viewed in light of the more recent decision in *Zaleski* which was decided twenty years after *Dunbar*.

> **Upon motion of any party or upon its own motion the court may transfer any action to an adjoining county within this state when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending.**

Under this provision, "the *only* basis for a transfer of venue from a county where the venue is proper [to another county] is when the transfer is necessary to obtain a fair trial." (Emphasis added.) *Bowersock v. Bowersock*, 3d Dist. No. 1-98-10, 1998 WL 378410 (June 29, 1998), quoting *State ex rel. Starner v. DeHoff*, 18 Ohio St.3d 163, 165, 480 N.E.2d 449 (1985).

{¶15} It is undisputed that Hardin County was a proper venue for the present action. *See* Civ.R. 3(B)(9). Nevertheless, Daniel filed a motion requesting that the case be transferred to Marion County. Review of Daniel's motion reveals that Daniel's request was not predicated on the inability to receive a fair and impartial trial. Instead, Daniel's motion requested a change of venue based solely upon the parties' convenience. A case, which is pending in a county with proper venue, may not be transferred to another county, based solely upon convenience.

{¶16} In *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, the Supreme Court of Ohio recognized that the principle of *forum non conveniens* applies to cases in which the more convenient forum is in another state or another country. 35 Ohio St.3d 123, 132, 519 N.E.2d 370 (1988). The Court expressly rejected the application of *forum non conveniens* with regard to intrastate transfers, stating

"*forum non conveniens* may not be applied to a transfer of a properly venued action in an Ohio county to another Ohio county, since Civ.R. 3(C)(4) limits intrastate transfers to transfers to an 'adjoining county * * * 'when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending.''" *Zaleski*, 75 Ohio St.3d at 624, 665 N.E.2d 212, quoting *Chambers* at 132. The Court explained that Civ.R. 3 recognizes that "*[t]ransfer* of a case from one proper venue to another proper venue *within* the state for means of convenience is unnecessary in a geographically small state such as Ohio, and that any inconvenience to witnesses in such a situation could be remedied by the use of depositions." *Chambers* at 131.

{¶17} Based on the foregoing authority, we conclude that the Hardin County Court erred when it granted Daniel's motion to transfer the case, which was requested solely upon the basis of the parties' convenience. As noted above, the only reason a case may be transferred from one Ohio county to another occurs when it is necessary to obtain a fair trial. Civ.R. 3(C)(4). In the process of requesting and granting this transfer, neither Daniel, nor the Hardin County Court, nor the Marion County Family Court raised *any* issue pertaining to the ability of either party to obtain a fair trial in Hardin County. As a result, we find that the record contains no permissible basis under Civ.R. 3(C)(4) for transferring the case to Marion County.

{¶18} Furthermore, we are not persuaded by Daniel's contention that Civ.R. 3(G) prohibits reversal of a judgment where the sole basis for said reversal is an improper change of venue. In his argument, Daniel quotes Civ. R. 3(G) as follows: "The provisions of this rule relate to venue and are not jurisdictional. No order, judgment, or decree shall be void or subject to collateral attack solely on the ground that there was improper venue." Daniel, however, quoted only a portion of the rule. The portion omitted by Daniel states: "however, nothing here shall affect the right to appeal an error of court concerning venue." Civ.R. 3(G). As previously mentioned, the present appeal represents the first and only time Brittanie could have challenged the Hardin County Court's order granting Daniel's motion for change of venue. Consequently, we find no merit in Daniel's reliance on his edited portion of Civ.R. 3(G), as Brittanie clearly has a right to appeal the order transferring the case from Hardin County to Marion County. See, also, *Lorenz Equip. Co. v. Ultra Builders, Inc.*, 10th Dist. No. 92AP-1445, 1993 WL 51095 (Feb. 23, 1993) (a judgment may be reversed and remanded solely due to an error concerning venue), citing, *Grange Mut. Cas. Co. v. Thompson, 61 Ohio App.3d 190,* 572 N.E.2d 237 (10th Dist. 1990).

{¶19} Given the foregoing, we conclude that the Hardin County Court abused its discretion when it transferred the present case to Marion County. Accordingly, we sustain Brittanie's first assignment of error.

{¶20} The dissent claims that our decision in this case "1) creates prejudice for the parties and their family members where none existed before, 2) generally manages to waste judicial resources across two counties of the district, and 3) comes up with a decision on venue that promotes after-the-fact, post-trial forum shopping in a domestic relations case."

{¶21} The dissent fails to accept that: 1) the prejudice here is created by the removal of a case from a trial court that is familiar with the parties, their prior dealings with each other, and the reasons for the trial court's prior orders, to a trial court that does not know either of the parties, their children, their prior problems, or the reasons for the current custody orders; 2) that the waste of judicial resources was created by Daniel requesting something to which he was not entitled and the trial court's disregard for Brittanie's rights by ignoring the clear mandate of the Civil Rules; and 3) that the forum shopping was done by Daniel in his motion for change of venue to which Brittanie properly objected at her earliest opportunity.

{¶22} Based upon our resolution of Brittanie's first assignment of error, we need not address her remaining assignments of error. Therefore, Brittanie's second, third, fourth, and fifth assignments of error are rendered moot, and we decline to address them. App.R. 12(A)(1)(c).

{¶23} Accordingly, the judgment of the Marion County Family Court is vacated and the cause is remanded for further proceedings consistent with this opinion.

*Judgment Vacated and*
*Cause Remanded*

**WILLAMOWSKI, J., concurring separately.**

{¶23} I concur with the judgment and the reasoning of the majority. However, I am writing a separate concurrence to address the issues raised by the dissent. The November 20, 2009 order granting the change of venue made no finding that it appears that a fair and impartial trial cannot be had in Hardin County as would be required by Civil Rule 3(C)(4). The dissent claims there was no abuse of discretion. The abuse of discretion in this case is that the trial court arbitrarily ignored the requirements of the civil rules in granting the motion. While one may empathize with the dissent in that the trial and all of the preliminary proceedings that occurred in Marion County must now be vacated and the matter must be re-litigated in Hardin County, arbitrarily ignoring the unambiguous requirements of the Civil Rules is a clear abuse of discretion. "No court—not a trial court, not an appellate court, nor even a supreme court—has the authority, within its discretion, to commit an error of law." *State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278.

{¶24} Finally, the dissent, in pointing out that "convenience" and "fairness" are not mutually exclusive, which seems to concede that the transfer was in fact made solely for convenience, argues that the Hardin County court's transfer could have involved the issue of "fairness." The dissent implies that since one party lived in Union County and the other in Marion County, both of which abut Hardin County incidentally, it would be "fair" for it to be transferred to Marion County. However, the fact that a fair trial could be had in Marion County, which is not a requirement of Civil Rule 3(C)(4), is not the same as a determination that "a fair and impartial trial cannot be had" in Hardin County. The latter determination is the one required by Civil Rule 3(C)(4) before a case can be transferred to another county. This determination was never evidenced by the Hardin County Court. Thus, I concur with the majority opinion.

**SHAW, J., Dissents.**

{¶25} From a legal standpoint, the majority 1) openly disregards several basic principles of appellate review such as what constitutes an abuse of discretion or the difference between error and *prejudicial* error, 2) reverses a trial judge in one county for allegedly failing to follow "requirements" of Civ. R. 3(C)(4) that do not exist in the Rule, and 3) vacates an entire trial and related proceedings in another county without finding *any* error in those proceedings.

**{¶26}** From a practical standpoint, the majority 1) creates prejudice for the parties and their family members where none existed before, 2) generally manages to waste judicial resources across two counties of the district, and 3) comes up with a decision on venue that promotes after-the-fact, post-trial forum shopping by a party in a domestic relations case.

**{¶27}** The decision whether to change venue is within the trial court's sound discretion and will not be overturned absent an abuse of that discretion. *Burns v. Prudential Securities, Inc.*, 167 Ohio App.3d 809, 857 N.E.2d 621 citing *State ex rel. Dunbar v. Ham* (1976), 45 Ohio St.2d 112, 114, 74 O.O.2d 213, 341 N.E.2d 594. Abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶28}** Moreover, the change of venue, even if erroneous, does not impact the jurisdiction of the Marion County Family Court over this case. See Civ. R. 3(G); see also *Morrison v. Steiner* (1972) 32 Ohio St.2d 86, 88; and *Walp v. Walp*, 3rd Dist. No. 02-05-10, (stating "venue is a procedural matter primarily concerned with choosing a convenient forum and raises no jurisdictional implications.")

**{¶29}** The fact that the jurisdiction of the Marion court to conduct a valid trial and adjudication remains intact under the foregoing authority, even if the change of venue is found to be erroneous, is significant. If erroneous transfers

were reversible per se as the majority holds, then the Civil Rules would no doubt provide for an immediate appeal at the time of transfer and by now, existing case authority would no doubt have construed an erroneous transfer order to be a final appealable order at the time of transfer. There is no such authority.

{¶30} Consequently, an appellate court has the responsibility to evaluate any error in the transfer of this case in the context of the entire record, which now includes a valid trial and judgment entered on the merits in another court; *a trial and judgment which this court has not found to contain a single error.* More importantly, a court of appeals has a responsibility to act with a sense of practicality toward the parties and the trial courts, not based on some presumed error or rule practice that might be contrary to what we would have done, but on the appellant's demonstration of actual *prejudicial* resulting from substantiated error.

{¶31} In short, it is apparent in this case from the foregoing authorities on venue and jurisdiction, that there must be something that *produces an unreasonable, arbitrary or unconscionable effect on the parties* in the order of transfer, beyond the mere fact that the majority *believes* Civ. R. 3(C)(4) was not followed, and beyond the fact that one party is now not satisfied with the final judgment, in order to constitute an abuse of discretion sufficient to effectively reverse and vacate all the proceedings in Marion County.

**{¶32}** The reality is that we do not even know for certain that the Hardin County court actually violated Civ.R. 3(C)(4), only that the court did not recite the language of the rule in its judgment entry of transfer. The separate concurrence insists that the trial judge is required to enter findings that a fair trial cannot be had in Hardin County and supports reversal because those findings were not made part of the transfer order in this case. However, if we are going to elevate every suspected Rule violation to the status of per se reversible error, we should perhaps at least get the language of the rule right. The actual language of Civ. R. 3(C)(4) mentions nothing about findings by the trial court:

> **(4) Upon motion of any party or upon its own motion the court may transfer any action to an adjoining county within this state when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending.**

**{¶33}** When this case was transferred from Hardin County to Marion County, neither party, nor any of their children resided in Hardin County. The husband resided in Union County and the wife and children resided in Marion County. This fact was cited in the husband's motion to transfer. Notably, the husband did not request transfer to his own residential county but to the county where the wife and children resided.

**{¶34}** Obviously a transfer under these circumstances would likely make all further proceedings and the enforcement of any future judgments more convenient

for the very parties who will be the most affected by those proceedings and judgments. The majority opinions seem to believe that if a transfer is found to serve convenience, it must constitute reversible error. However, I reiterate, "convenience" and "fairness" are not mutually exclusive.

{¶35} For example, convenience, in terms of the hardships of time off work or travel and additional expense of securing witnesses for attendance at the trial could well constitute one factor determining whether a fair trial can or cannot be conducted in a particular county. Civ. R. 3(C)(4) as it is actually written only seems to require that upon taking these matters and any other factors into account, it appears to the trial court that proceeding with litigation in Hardin County would not be fair to one side or the other. Outrageous as it may seem to the majority, the Rule does not require the trial judge to share his reasoning with us. Thus, while it might well be better practice to include those findings in any judgment entry of transfer, the trial judge is not required to do so and it is certainly not plain error for the judge not to do so.

{¶36} Thus, I do not concur with the premise of the majority that the sole reference to convenience in the *motion* to transfer somehow precludes the trial court or this court from considering that any *order* of transfer was based upon the issue of a fair trial under Civ. R. 3(C)(4). On the contrary, given the circumstances of this case, it is appropriate to afford the trial court the usual presumptions of

regularity. Accordingly, absent clear evidence to the contrary, we must presume that both the Hardin County and the Marion County Courts did consider the fairness requirements of the Civil Rules in making and accepting the transfer.

{¶37} However, even assuming that the transfer of this case did not follow the dictates of Civ. R. 3(C)(4), the only "prejudice" resulting from the transfer to Marion is apparently that one party is not satisfied with the judgment in Marion County and would like another bite of the apple back in Hardin County. Of course, no issue was raised about venue in the Marion County Court prior to, during or after the trial. Nor, as noted earlier, have we determined anything erroneous, prejudicial or unfair in the Marion County proceedings. On the other hand, there will now be significant prejudice to the party satisfied with the Marion judgment who now must face a second and completely unnecessary trial on exactly the same evidence in another county.

{¶38} Moreover, the Hardin County court could now rule that a fair trial for one party cannot be had in Hardin County because there has already been a trial without any demonstrated error and it would not be fair to require that party to go through a second, identical trial in a county where none of the parties reside. Or the Hardin County court could simply recite the language of the Rule as the majority wishes into a new judgment entry and re-transfer the case on that basis. Since the majority believes that any omission of Rule language from the judge's

order of transfer must be *per se* reversed without further review, does this mean that a judgment entry of transfer which recites the Rule language must be *per se* affirmed without further review?

{¶39} For all of these reasons, I respectfully dissent. The decision of our court in this case is irresponsible from both a legal and a practical standpoint. As such, it constitutes an abuse of our discretion. Finding no reversible error in this case, I would overrule the first assignment of error and address the remaining issues and assignments of error on their merits.

/jlr